### B. McCowan v. The State.

No. 3929. Decided March 20, 1907.

**Murder—Infanticide—Corpus Delicti—Insufficient Evidence.**

Under article 654 of the Penal Code no person shall be convicted of any grade of homicide unless the body of the deceased or portions of it are found and sufficiently identified to establish the fact of the death of the person charged to have been killed; and where there is no testimony except that of the accomplice as to the corpus delicti; or to establish the birth or death of the child or that it was born alive and killed by defendant, or that it was ever seen after its death, the verdict of conviction could not be sustained.

Appeal from the District Court of Austin. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*John P. Bell* and *W. I. Glenn,* for appellant.—Hunter v. State, 31 S. W. Rep., 674; Williams v. State, 65 S. W. Rep., 1059.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with killing the infant child of Jane Malloy, and allotted twenty-five years in the penitentiary as his. punishment. Several questions are urged for reversal, only one of which will be discussed: That is want of sufficient evidence to authorize the conviction. It is reasonably certain, from the statement of facts, that Jane Malloy gave birth to a child. Her testimony is to the effect that on the night of the birth of the child appellant, whom she says was the father of the child, took her in a buggy at Wallis to convey her to Sealy in order to send her to Bellville to the poor farm, and that after reaching Sealy she notified appellant that she was about to give birth to a child, and the buggy in which they were traveling stopped in front of a Mexican's house. Appellant, according to her testimony, got out of the buggy, and was standing at the head of, and holding the horse while she, near the buggy or by the gate, gave birth to a child while occupying a standing position; that after the child dropped, she heard it whine two or three times; that appellant came back and stamped it and placed a cloth over its dead body. She did not hear the child whine except as stated, and heard no noise from the child when it was being stamped. Appellant testifying in his own behalf denied knowing anything of any child birth, or that within his knowledge she gave birth to a child at the mentioned time and place. It is further shown that appellant and Jane Malloy went to the Sante Fe depot in Sealy, and upon reaching the depot appellant got out and was holding the horse, standing at his head, and Jane Malloy got out of the buggy and went to the rear end of it, and got a bundle which was carried into the depot. This was about 12 or 1 o'clock at night. She remained in the depot until the next morning, when she was carried to the house of a negro woman. A physician was called and he found evidences that Jane Malloy had given birth to a child, and assisted in removing a portion of the after-birth. The child, if born at the time and place indicated, was never seen by anybody, the only evidence on this point being that of Jane Malloy above stated. The Mexican, near whose house this birth should have occurred, was named Santos Torres; he testified that sometime in last February, about midnight, he saw a man and woman at his gate in Sealy; that they came in the buggy; both got out of the buggy, stayed there a long time and then drove back towards Fisher's corner fence. The witness could not tell what they were doing and heard nothing they said. He did not go out where they were. The next morning in going to the market he went out to the gate where these parties should have been and saw signs of blood; that he saw blood in one place, did not see it anywhere else, and saw nothing but blood on the ground, nor did he see where anything had been lying on the ground.

The witness Brown testified that he went over to the Mexican's house, examined the ground and found a piece of cloth resembling a piece of

a flour sack spread on the ground; he picked this up and under it he states he found something that looked like it had been mashed out of a baby and blood; found blood in two places, about six feet apart; about as much blood as he could hold in his two hands soaked in the ground. He further stated that he saw on the ground what he would call the excrement of a human being. It was flat and about as big as a man's wrist; found nothing except where the sack was and two puddles of blood. Went to Allen's and from there to Holloway's to see if he could find the child, but failed to find it; that he was looking for the child; that Henry Wilks, and old man Holloway. and John Wilks were present.

After appellant carried Jane Malloy to the depot he got in his buggy and disappeared. No witness traces him back to the place where the child should have been born. The piece of cloth or piece of flour sack was found the next day by the witness Brown at the point designated by Jane Malloy, and according to the witness Brown, under that sack, was what he terms manure about the size of his wrist, as well as evidences where blood had soaked in the ground at two places about six feet apart. This is in substance the case.

The court charged the jury in a perfunctory way in regard to accomplice testimony. Discarding the evidence of Jane Malloy, there is nothing to show that a child was born at the place indicated either dead or alive. There is evidence of some blood and a piece of flour sack at the place, and, if Brown's testimony is correct, the bowels of a human being were relieved at the particular point of its contents about the size of his wrist. It would seem further from his testimony that it was covered up by the sack. He says it was rather flat at the time he found it; he does not undertake to show or venture an opinion that it had been stamped into this flat condition. There was no child there, and the Mexican testifies there was no evidence that anything had been laid upon the ground, or indicating that the child had been lying upon the ground. Under article 654 of the Penal Code, no person shall be convicted of any grade of homicide unless the body of the deceased or portions of it are found and sufficiently identified to establish the fact of the death of the person charged to have been killed. Then, in order to sustain this conviction, it is absolutely requisite that the body of the child, or portions of it, should be found and sufficiently identified to establish the fact of its death. In order to convict appellant, it must not only be shown that the child was born, but that it was born alive, and that appellant killed it, or was connected criminally with its death, and, of course, as presented, under the statute, the body of the child or portions of it must be found and identified. Outside of the testimony of Jane Malloy, no witness testifies to the birth of the child at the place designated, and no witness ever saw it after it was born at that point. She is not corroborated in any respect as to the corpus delicti. She was perhaps corroborated to the effect that she had given birth to a child. If the child was born at the place designated the testimony

fails to show what became of it. No one ever saw it; appellant is not shown to have taken it away, and Jane Malloy's testimony indicates that it was left upon the ground when she and appellant drove away in the buggy. If appellant returned and took the child away, there is no evidence of it; he denies it, and no witness undertakes to testify that he did. Under these facts, and under our law, this case has not been made out. Even Jane Malloy did not undertake to testify that at the time appellant should have stamped the child it was alive. See Puryear v. State, 28 Texas Crim. App., 73, and Josef v. State, 34 Texas Crim. Rep., 446, and for collation of other authorities, see White's Annotated Penal Code, section 1143.

Because the State has failed to prove the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*